IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALISSA MOORE, | § § § | |
| Plaintiff | § § | |
| vs. | § § | CIVIL CASE NO. |
| FRANKEL FAMILY TRUST d/b/a MANAGEMENT SUPPORT and EDWARD B. FRANKEL, M.D., | § § § § § | SA:12-CV-00085-FB |
| Defendants. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Frankel Family Trust d/b/a Management Support ("Management Support" or "Defendant") files its Original Answer in response to Plaintiff's Original Petition, Request for Disclosures and Jury Demand (the "Complaint")[1] as follows:

### DEFENDANT'S POINT-BY-POINT ANSWER

### DISCOVERY

1. As to paragraph 1 of the Complaint, no factual allegations are pled which require Defendant to admit or deny any of the matters set forth within this paragraph. To the extent an admission or denial is necessary, Defendant denies.

2. As to paragraph 2 of the Complaint, no factual allegations are pled which require Defendant to admit or deny any of the matters set forth within this paragraph. To the extent an admission or denial is necessary, Defendant denies.

### PARTIES

---

[1] Defendant's responses correspond with the headings and numbered paragraphs contained in Plaintiff's Original Petition, Request for Disclosures and Jury Demand, which was originally filed in the 166th Judicial District Court of Bexar County, Texas.

DEFENDANT'S ORIGINAL ANSWER – Page 1

3. As to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's residence. To the extent an admission or denial is necessary, Defendant denies.

4. As to paragraph 4 of the Complaint, Defendant admits the allegations contained within this paragraph.

5. As to the first paragraph 5 of the Complaint, Defendant admits that Defendant Edward B. Frankel, M.D. is a resident of California but denies that Dr. Frankel may be served as alleged. Defendant further pleads that Plaintiff has dismissed Edward B. Frankel, M.D. as a party defendant to this case.

## MISNOMER / MISIDENTIFICATION

6. As to the second paragraph 6 (misnumbered 5) of the Complaint, Defendant denies the allegations contained within this paragraph.

## JURISDICTION & VENUE

7. As to paragraph 7 (misnumbered 6) of the Complaint, Defendant admit that this court has personal jurisdiction over Management Support. Defendant denies that this court has personal jurisdiction over Dr. Frankel.

8. As to paragraph 8 (misnumbered 7) of the Complaint, Defendant cannot admit or deny the allegations because they are allegations of law and not fact. Defendant denies, however, that it has violated any of the statutes identified in paragraph 8 or acted unlawfully in any way.

9. As to paragraph 9 (misnumbered 8) of the Complaint, Defendant cannot admit or deny the allegation because it is unclear from the Complaint which defendant is alleged to be an employer within the meaning of the statutes listed. To the extent an admission or denial is

necessary, Defendant admit that Management Support is an employer, but denies that Dr. Frankel was an employer.

10. As to paragraph 10 (misnumbered 9) of the Complaint, Defendant admits that Plaintiff was an employee of Defendant Frankel Family Trust d/b/a Management Support. Defendant denies the remaining allegations contained within this paragraph.

11. As to paragraph 11 (misnumbered 10) of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights – Civil Rights Division. Defendant admits that the EEOC mailed its Dismissal and Notice of Rights letter on or about September 14, 2011 and that Plaintiff filed her lawsuit within 90 days from September 14, 2011. Defendant denies the remaining allegations contained within this paragraph.

12. As to paragraph 12 (misnumbered 11) of the Complaint, Defendant cannot admit or deny the allegations because they are allegations of law and not fact. Defendant denies, however, that Plaintiff is entitled to any of the relief he seeks.

13. As to paragraph 13 (misnumbered 12) of the Complaint, Defendant cannot admit or deny the allegations because they are allegations of law and not fact. Defendant denies, however, that Plaintiff is entitled to any of the costs, attorney's fees or expert fees he seeks.

## BRIEF FACTS

14. As to paragraph 14 (misnumbered 13) of the Complaint, Defendant admits that Plaintiff was employed by Management Support, which owns and operates apartment complexes. Defendant admits that at the time of her termination, Plaintiff was apartment manager of the Estates of Northwoods in Sedona Ranch in San Antonio, Texas. Defendant admits that Plaintiff, as apartment manager, was accountable for oversight of the apartment

property, including employee management, hiring, and development. Defendant admits that Plaintiff's supervisor was Dave Adams, who was the San Antonio Regional Manager for Management Support, and admits that Frankel Family Trust's sole trustee is Edward B. Frankel, M.D. Defendant denies the remaining allegations contained within this paragraph.

15. As to paragraph 15 (misnumbered 14) of the Complaint, Defendant admit that Plaintiff hired Mr. Gober on or about June 28, 2010. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that on June 10, 2010, she called a past associate, Mr. John Gober, to discuss the possibility of joining her staff. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether Plaintiff had previous experience working with Mr. Gober and the quality of such alleged experience. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Mr. Gober told Plaintiff about his surgery and work limitations. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Mr. Gober's alleged disability. Defendant denies that Plaintiff told her supervisor, Mr. Adams about Mr. Gober's surgery and work limitations. Defendant denies that Mr. Gober made it clear during his interview and during the application process that he had a disability, needed accommodations or requested accommodations. Defendant denies the remaining allegations contained within this paragraph.

16. As to paragraph 16 (misnumbered 15) of the Complaint, Defendant admits that on or about July 9, 2010, Mr. Adams and Plaintiff discussed Mr. Gober's health restrictions. Defendant denies that Plaintiff's position was that it was not necessary for Mr. Gober to pull call. Defendant denies the remaining allegations contained within this paragraph.

17. As to paragraph 17(misnumbered 16)of the Complaint, Defendant admits that Dr.

Edward B. Frankel, as CEO of Management Support, made the decision to terminate Mr. Gober because he could not perform an essential job function. Defendant admits that Mr. Gober was terminated on or about July 9, 2010. Defendant denies the remaining allegations contained within this paragraph.

18.     As to paragraph 18 (misnumbered 17) of the Complaint, Defendant admits that Plaintiff's employment as Apartment Manager with Management Support was terminated on or about July 12, 2010. Defendant denies the remaining allegations contained within this paragraph.

## CAUSES OF ACTION

19.     As to paragraph 19 (misnumbered 18) of the Complaint, Defendant denies the allegations contained within this paragraph.

20.     As to paragraph 20 (misnumbered 19) of the Complaint, Defendant denies the allegations contained within this paragraph.

21.     As to paragraph 21(misnumbered 20) of the Complaint, Defendant denies the allegations contained within this paragraph.

## DAMAGES

22.     As to paragraph 22(misnumbered 21) of the Complaint, Defendant denies the allegations contained within this paragraph.

23.     As to paragraph 23 (misnumbered 22) of the Complaint, Defendant denies the allegations contained within this paragraph.

24.     As to paragraph 24 (misnumbered 23) of the Complaint, Defendant denies the allegations contained within this paragraph and denies that Plaintiff is entitled to the relief she requests.

25.  As to paragraph 25 (misnumbered 24) of the Complaint, Defendant denies that Plaintiff is entitled to any attorneys' fees.

26.  As to paragraph 26 (misnumbered 25) of the Complaint, Defendant admits that Plaintiff has requested a jury trial.

## PRAYER FOR RELIEF

27.  As to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief she is seeking.

## GENERAL DENIAL

Defendant denies any and all allegations in the Complaint not otherwise expressly admitted above, and denies that Plaintiff is entitled to any of the relief she has requested.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth the following defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise supplement this Answer as appropriate.

1.  Plaintiff fails to state claims upon which relief can be granted.

2.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the applicable procedures and administrative prerequisites, including timely filing requirements and the exhaustion of all administrative remedies.

3.  Plaintiff's claims for damages are subject to the caps prescribed by state and federal law and all applicable statutory caps on damages.

5.   Plaintiff's claims for damages are barred, in whole or in part, by 42 U.S.C. 1981A.

6.   Defendant is entitled to a credit/offset against any award of back pay to Plaintiff based on income Plaintiff has received following the separation of employment.

7.   Defendant would have taken the same action in the absence of any alleged impermissible motivating factor.

## DEFENDANT'S PRAYER

Accordingly, Defendant respectfully requests that Plaintiff take nothing by this suit and that Defendant be awarded its costs and such other and further relief, whether legal or equitable, to which it may be entitled.

Dated February 3, 2012                    Respectfully submitted,

                                          s/Eduardo F. Cuaderes Jr.
                                          Eduardo F. Cuaderes Jr.
                                          Texas State Bar No. 05200800
                                          L. Mey Ly (Admission Pending)
                                          Texas State Bar No. 24049527

                                          LITTLER MENDELSON, P.C.
                                          A Professional Corporation
                                          2001 Ross Avenue
                                          Suite 1500, Lock Box 116
                                          Dallas, TX  75201.2931
                                          214.880.8100
                                          214.880.0181 (Fax)
                                          jcuaderes@littler.com

                                          ATTORNEYS FOR DEFENDANTS
                                          Frankel Family Trust d/b/a Management
                                          Support and Edward B. Frankel, M.D.

## CERTIFICATE OF SERVICE

This is to certify that on February 3, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrant:

                                          s/Eduardo F. Cuaderes Jr.

Firmwide:109139315.1 025909.1009